FILED
98 MAR -3 PM 3: 37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**United States District Court**
**Northern District of Alabama**
**Southern Division**

| | |
|---|---|
| **Paul Kirk, et al.,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-97-N-1399-S |
| **Southern Communications Services, Inc.** **and Teresa Lowery,** | ] |
| Defendant(s). | ] |

ENTERED
MAR 03 1998

## Memorandum of Opinion

Defendants Southern Communications Services, Inc. and Teresa Lowery move for summary judgment on plaintiffs' claims that they have violated certain restrictive covenants attached to property in Smoke Rise, Sector 4 development in Blount County, Alabama. The issues have been fully briefed and were submitted for decision at the court's regularly scheduled motion docket on February 25, 1998. Upon due consideration, the motions will be granted.

The material facts are undisputed. On June 5, 1970, Leslie Kelley, then president of Smoke Rise Development Corporation, on behalf of the corporation that was the developer of Smoke Rise, Sector 4, in Blount County, Alabama, prepared certain restrictive covenants to be filed in the office of the probate judge of Blount County. The document containing and setting forth those covenants was filed on June 8, 1970. The plat of Smoke Rise, Sector 4, was recorded in the Office of the Judge of Probate of Blount County, Alabama, on June 4, 1970. That plat, between Tracts 448 and 449, shows a small parcel of land which measures 50 feet by 50 feet and which is labeled "Water Tank Site." The parties agree there

31

was a water tank on the site at the time the plat was recorded and that, apparently subsequent to that date, some antennae and poles were erected on the fifty-foot parcel. The plaintiffs do not argue that the water tank, the antenna, or the poles are there in violation of the restrictive covenants. In May 1995, defendant Southern Communications Services, Inc. erected what is described as a "tower" on the fifty-foot parcel for the purpose of supporting a digital communications antenna.

Though they do not explicitly allege that they are owners of one or more tracts in the Smoke Rise, Sector 4 development, the plaintiffs do allege that they have been injured by the construction and maintenance of the communications tower on the fifty-foot parcel of property. Presumably, the plaintiffs are entitled to enforce the provisions of the restrictive covenants. Defendant Teresa Lowery is alleged to be the owner of Tract 448 and to have sold a portion of that tract to Mt. High-Rock Springs Water Authority on March 17, 1995. The plaintiffs assert:

> The defendants, Southern Communications Services, Inc. and Teresa Lowery, violated numerous restrictive covenants applicable to the tract on which the defendant Southern Communications Services, Inc. erected a Tower for commercial use. In addition, the defendants permitted another commercial business to transmit via the tower.

*Complaint* at ¶ 9. The issue to be decided on these motions for partial summary judgment is whether the restrictive covenants have any application at all to the piece of property on which is located Southern's tower. The court has concluded they do not.[1]

---

[1] Because the evidence is that defendant Lowery does not and did not exercise any influence or control over the placement and operation of Southern's tower, she cannot be held liable, even if the tower itself were found to be in violation of the restrictive covenants. She is entitled to summary judgment on this issue and no further discussion is warranted as to her.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Because the court will be required to examine the document establishing the restrictive covenants as a whole, several pertinent parts of that document must be quoted *in extenso*.

> [The development] has been subdivided into 118 *tracts* being numbered from 378 to 495 . . .
>
> \*          \*          \*          \*
>
> [I]t is desired by said owner before any of said *lots* or *parcels* of ground in said subdivision shall be sold or conveyed, to fix and establish certain restrictions as to the use and enjoyment of such *lots* and *properties* in said plat, except as to Tracts 378, 379, 380, 381, 382, 429, 438 and 493, which are specifically excluded from the provisions of these Protective, (sic) Covenants, (sic) for the protection of all owners of said *properties* or *tracts*;
>
> [The developer] does by these presents, establish and adopt Protective Covenants or Restrictions as to the future use of the *tracts* or *parcels* of land embraced in said plat, except as to Tracts 378, 379, 380, 381, 382, 429, 438 and 493 . . .
>
> 1.   LAND USE AND BUILDING TYPE.
>
> No *tract* shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any *tract* other than one detached single-family dwelling not to exceed two-stories in height.
>
> 2.   ARCHITECTURAL CONTROL.
>
> No building shall be erected, placed or altered on any *lot* or any *tract* until the construction plans and a plan showing the location of the structure has been approved . . . .
>
> 4.   BUILDING LOCATION.

> No building shall be located on any *lot* nearer than 50 feet to the front line, and no building shall be erected on any *tract* nearer to the side *tract* line than 25 feet. . . .
>
> \* \* \* \*
>
> 6. NUISANCES.
>
> No noxious or offensive activity shall be carried on upon any *tract*, nor shall anything be done thereon which may be or may become an annoyance or nuisance to the neighborhood. No commercial establishments, such as commercial home shops, automobile repair shops or storage use shall be permitted at anytime upon any *tract* covered by these restrictions.

*Movant's Substituted Evidence Submitted in Response to Exhibit D of the Court's Order* at Exhibit 4 (Protective Covenant Agreement for Smoke Rise, Sector 4, Blount County, Alabama) (emphasis added).

In Alabama, restrictive covenants are not favored, but they are recognized and enforced when established by contract between the parties. Such agreements, however, are strictly construed, resolving all doubts in favor of the free and unrestricted use of land and against such restrictions. *Carpenter v. Davis*, 688 So. 2d 256, 258 (Ala. 1997).

The court's review of the document setting out and establishing the restrictive covenants reveals that Mr. Kelley, on behalf of Smoke Rise Development Corporation, first noted that Smoke Rise, Sector 4 had been divided into "118 tracts" and then limited the restrictions to "such lots and properties" with certain specified "Tracts" being excepted. Throughout the document, the drafter has used the terms "tract," "lot," "parcel," and "properties" interchangeably to refer to the 118 "tracts" referred to above. The part of the document that may even remotely be construed as defining either of those terms is that which refers to the "118 tracts." Moreover, each of the restrictive covenants, given the

4

structure of the document and the context in which they are used, operate to limit the use of each such "tract" to residential uses and to set minimum standards for such residential use.

Finally, to the extent that the document may be ambiguous, the court may refer to parol evidence to determine the intent of the contracting parties. Mr. Kelley states in his affidavit, and the plaintiffs concede that he is correct, that the restrictive covenants were intended to apply only to the numbered "lots" and not to the fifty-foot parcel where the water tank and Southern's "tower" are located.

The court concludes that the restrictive covenants at issue here were not intended to and do not have any application as to the fifty-foot parcel of land between Tracts 448 and 449 on which the water tank and "tower" are located. Contemporaneously, with the entry of this opinion, the court will enter judgment against the plaintiffs and in favor of defendants Southern Communications Services, Inc. and Teresa Lowery on the plaintiffs' claims that the defendants have violated the restrictive covenants by placing a communications tower on the fifty-foot lot and by allowing a commercial operation there.

Done, this ___3rd___, day of November, 1997.

_____
Edwin L. Nelson
United States District Judge