FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

99 MAR 29 AM 9:45

U.S. DISTRICT COURT
N.D. OF ALABAMA

PAUL KIRK, et al., ]
]
    Plaintiffs, ]
]
vs. ] CV 97-N-1399-S
]
SOUTHERN COMMUNICATIONS ]
SERVICES, INC., et al., ]
]
    Defendants. ]

ENTERED

MAR 29 1999

## Memorandum of Opinion

In this suit, plaintiffs allege that Teresa Lowery and Southern Communications Services, Inc. (hereinafter "SCS") violated certain restrictive covenants and created a nuisance by erecting, maintaining, and operating a digital communications tower on certain property. By order dated March 3, 1998, the court granted defendants' motion for summary judgment on plaintiffs' claims that defendants violated restrictive covenants on the property at issue, leaving only the nuisance issue.

This matter is presently before the court on motions for summary judgment by defendant Teresa Lowery and Southern Communications Services, Inc., filed on February 11, 1999, and March 1, 1999, respectively. The issues have been briefed by the defendants. By order dated June 16, 1997, this court fixed a briefing schedule for summary judgment motions. The deadline for plaintiff to respond to the defendants' motions has now passed. Accordingly, the motions are ripe for decision.

Because this court has on a prior occasion set forth the facts underlying this lawsuit, see *Memorandum of Opinion,* March 3, 1998, it will not repeat them here. The facts relevant

41

to this opinion are fairly straightforward.[1] Plaintiffs have alleged that the communications tower at issue constitutes a nuisance because it is unsightly and because radio transmissions from the tower create interference with household electrical devices. Those radio transmissions arise from broadcasts of WLBI Radio, a wholly independent company not a party to this litigation. In recent responses to interrogatories, plaintiffs admitted that the electrical interference had ceased and that they had incurred no ascertainable monetary damage from the interference. Plaintiffs also stated that the commercial building erected on the parcel in question no longer constituted a nuisance. They could not quantify the devaluation of their property due to the former presence of the commercial building.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the

---

[1] These facts are gleaned from the defendants' submission of undisputed facts in support of their summary judgment motions. Because plaintiff failed to respond to these facts, they are deemed admitted for summary judgment purposes. *See Initial Order*, June 16, 1997, at 4; *see also FTC v. Febre*, 128 F.3d 530, 535-36 (7th Cir. 1997). The court notes that these facts are amply supported by the record, and particularly by the evidence submitted by the defendant in conjunction with the summary judgment motion. However, these are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255.

It is abundantly clear to the court that summary judgment is due to be granted in favor of both defendants. Plaintiffs' allegations regarding the unsightliness of the pole, antenna, and commercial building erected in the Smoke Rise Development are simply insufficient to state a claim for nuisance under Alabama law. *See Baldwin v. McClendon,*

3

292 Ala. 43, 48-49, 288 So. 2d 761 (1974) (describing a private nuisance as "any establishment [which] directly causes substantial injury to the property of another, or produces material annoyance and inconvenience to the occupants of adjacent dwellings, rendering them physically uncomfortable"). The alleged electrical interference, which has since ceased, was indisputably created by a party other than the defendants to this controversy. *See Kirk Deposition*, Exhibit 2, at 17, 19-20, 163-174. Finally, it is clear that defendant Teresa Lowery did not exercise control over the erection, placement, or operation of the communications tower. *See Exhibits 1-4* to *Lowery Motion for Summary Judgment*. The absence of any nexus whatsoever between Lowery and the actions complained of mandate summary judgment in her favor.

The defendants have certainly carried their burden under Fed. R. Civ. P. 56. *Celotex*, 477 U.S. at 322-23. The plaintiff has not even responded to the defendants' presentation, much less succeeded in "designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Therefore, this court concludes that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The defendants' summary judgment motions are due to be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 25th of March, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE